ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 12 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NICHOLE D. HALL, INDVIDUALLY AS SURVIVING CHILD OF JANNIE P. SMITH, AND REPRESENTATIVE OF ALL HEIRS AT LAW, AND AS THE ADMINISTRATRIX OF THE ESTATE OF JANNIE P. SMITH, DECEASED.<br><br>Plaintiff,<br><br>v.<br><br>MOONGILMADUGU INBA-VAZHVU, M.D., KANDATHIL MATHEW MATHEW, M.D., ABIODUN GBADERO OLATIDOYE, M.D., SOUTHERN HEART SPECIALISTS, P.C., RAGHURAM KOLANU, M.D., NEUROLOGY SOUTH, P.C, AND HENRY MEDICAL CENTER, INC.,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. _____<br><br>1 07-CV-2513<br><br> WSD |

## COMPLAINT FOR DAMAGES

COMES NOW NICHOLE D. HALL, Plaintiff in the above-styled action and for her Complaint against Defendants, shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Nichole D. Hall is a resident of Belle Haven, Virginia. Plaintiff's decedent, Jannie P. Smith, was a resident of Virginia at the time of her death, and her estate has been established in Virginia.

2.

Jannie P. Smith died on January 1, 2006. Plaintiff Nichole Hall was duly appointed as the Administrator of the Estate of Jannie P. Smith on September 6, 2007 and she brings this action in that capacity as well as the Representative of all surviving children and heirs of Jannie P. Smith. A copy of the Letters of Administration are attached hereto as Exhibit "A" and incorporated herein by reference.

3.

Upon information and belief, Defendant Moongilmadugu N. Inba-Vazhvu, M.D. practiced medicine in December 2005 and January 2006 in the State of Georgia, through a medical association known as Southern Heart Specialists, P.C., having an office and transacting business at 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

4.

Defendant Moongilmadugu N. Inba-Vazhvu, M.D. may be served pursuant to Fed. R. Civ. P. 4(e) personally, at his place of employment, 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

5.

Upon information and belief, Defendant Abiodun Gbadero Olatidoye, M.D. practiced medicine in December 2005 and January 2006 in the State of

Georgia, through a medical association known as Southern Heart Specialists, P.C., having an office and transacting business at 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

6.

Defendant Abiodun Gbadero Olatidoye, M.D. may be served pursuant to Fed. R. Civ. P. 4(e) personally, at his place of employment, 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

7.

Upon information and belief, Defendant Kandathil M. Mathew, M.D. practiced medicine in December 2005 and January 2006 in the State of Georgia, through a medical association known as Southern Heart Specialists, P.C., having an office and transacting business at 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

8.

Defendant Kandathil Mathew Mathew, M.D may be served pursuant to Fed. R. Civ. P. 4(e) personally, at his place of employment, 6507 Professional Place, Suite E, Riverdale, Clayton County, Georgia 30274.

9.

Upon information and belief, Defendant Raghuram Kolanu, M.D. practiced medicine in December 2005 and January 2006 in the State of Georgia, through a medical association known as Neurology South, P.C., having an office and transacting business at 1050 Eagles Landing Parkway, Suite 203, Stockbridge, Henry County, Georgia 30281.

10.

Defendant Raghuram Kolanu, M.D. may be served pursuant to Fed. R. Civ. P. 4(e) at his usual place of abode, 352 Parkwood Way, Jonesboro, Georgia 30236, or personally, at his place of employment, 1050 Eagles Landing Parkway, Suite 203, Stockbridge, Henry County, Georgia 30281.

11.

Defendant Southern Heart Specialists, P.C., may be served pursuant to Fed. R. Civ. P. 4(h) through its registered agent for service, Pepi Friedman, 3350 Riverwood Parkway, Suite 1600, Atlanta, Cobb County, Georgia 30339.

12.

Defendant Neurology South, P.C., may be served pursuant to Fed. R. Civ. P. 4(h) though its registered agent for service, Indira Kolanu, M.D., 1050 Eagles Landing Parkway, Suite 203, Stockbridge, Henry County, Georgia 30281.

13.

Defendant Henry Medical Center, Inc. may be served pursuant to Fed. R. Civ. P. 4(h) through its registered agent for service, Rod G. Meadows, 101 Eagle Pointe Parkway, Stockbridge, Henry County, Georgia 30281.

14.

Jurisdiction is founded upon diversity of citizenship and is based on the provisions of 28 U.S.C. § 1332, this action being one between citizens of this State and a subject of a foreign state. The amount in controversy, exclusive of interest, costs and damages for prejudgment delay is in excess of Seventy Five Thousand Dollars ($75,000.00).

15.

Venue in this division of this Court is proper pursuant to 28 U.S.C. § 90, and because the location of this Court is the most convenient to the parties, the most convenient to the witnesses, and the most closely associated with the events giving rise to Plaintiff's claims.

## FACTS

16.

At all times relevant hereto, Defendants Kandathil M. Mathew, M.D., Abiodun Gbadero Olatidoye, M.D, and Moongilmadugu N. Inba-Vazhvu, M.D. were employees of Defendant Southern Heart Specialists, P.C. and at the time of the events giving rise to this Complaint were acting within the course and scope of their employment.

17.

At all times relevant hereto, Defendant Raghuram Kolanu, M.D. was an employee of Defendant Neurology South, P.C., and at the time of the events giving rise to this Complaint was acting within the course and scope of his employment.

18.

Defendants Kandathil M. Mathew, M.D., Abiodun Gbadero Olatidoye, M.D., Moongilmadugu N. Inba-Vazhvu, M.D. and Raghuram Kolanu, M.D. are all physicians duly licensed under the laws of the State of Georgia.

19.

In December 2005 Drs. Mathew, Olatidoye, Inba-Vazhvu and Kolanu each assumed and undertook duties and responsibilities as physicians for Plaintiff's decedent, Jannie P. Smith.

20.

On December 28, 2005, Jannie Smith arrived via ambulance to Henry Medical Center complaining of sudden onset of nausea, dizziness, having a "foggy" feeling in her left ear, slurring words, cloudy vision and mild dysarthria. She was noted to have a severe headache.

21.

Ms. Smith was admitted to the Hospital by Dr. Inba-Vazhnvu, a cardiologist, with a diagnosis of "Possible CVA; Vomiting."

22.

Admitting orders were telephoned in by Dr. Abiodum Olatidoye, also a cardiologist, who listed her admitting diagnosis as "CVA."

23.

The admitting orders for Ms. Smith included "admit to medical" and "consult Dr. Kolanu tonight for CVA." There were no admitting orders for radiological studies and no specific orders for neurological nursing checks.

24.

At or around 09:15 on December 29, 2005, Dr. Kolanu gave Nurse Holsombach a telephone order for an MRI/MRA of the brain and neck with contrast. At or around 17:22, Dr. Kolanu examined Ms. Smith and noted "prominent horizontal nystagmus, some slight drift and slowing of the left arm." Dr. Kolanu's documented impression at that time was recorded as "brainstem infarction."

25.

At or around 18:35 on December 29, 2005, an MRI/MRA was performed, which revealed a "subacute large area of infarct involving the left cerebellar hemisphere."

26.

At or around 10:18 on December 30, 2005, Dr. Kolanu ordered, in part, that Ms. Smith have regular neurological checks by nursing staff and that she undergo a CT of the head without contrast.

27.

On several occasions on December 30, 2005, Ms. Smith was complaining of a headache and was noted to have elevated blood pressure. At or around 21:00 on the 30th the nursing staff was unable to arouse the patient to give medication, and Dr. Vazhvu was paged three times. At or around 21:40, a nurse again called Dr. Vazhvu, and received orders, and paged Dr. Kolanu, who ordered that Ms. Smith be transferred to the ICU.

28.

At or around 21:50, Ms. Smith was found not breathing with a weak pulse and a code was called.

29.

On December 30, 2005, Henry Medical Center did not have neurosurgical coverage to address Ms. Smith's critical medical situation.

30.

At or around 23:18, Dr. Kolanu consulted with Dr. Daniel Barrow at Emory University Hospital for a neurosurgical consult. Given the severity of

Ms. Smith's clinical situation by that time, Dr. Barrow indicated that surgical intervention had nothing to offer.

### 31.

On January 1, 2006, Jannie Smith died while she was a patient at Henry Medical Center. The death certificate, signed by Dr. Mathew on January 19, 2006, noted the immediate cause of death as "left cerebellar hemorrhage."

### 32.

At all times material hereto, Defendant Henry Medical Center, Inc. had the right to control the time, manner, and method of duties performed by the nurses and other staff at The Medical Center, including the Intensive Care Unit, and had the right to discharge the nurses and other staff of the Hospital.

### 33.

At all times material hereto, the nurses and other staff of Defendant Hospital, including the Intensive Care Unit staff, were agents of Defendant Hospital such that the negligence of these agents and employees may be imputed to this Defendant pursuant to the doctrine of *respondeat superior*.

### COUNT ONE

#### Allegation of Professional Negligence against Defendants

### 34.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 33 of this Complaint as if repeated herein as Paragraph 34.

### 35.

Defendants Kandathil M. Mathew, M.D., Abiodun Gbadero Olatidoye, M.D., Moongilmadugu N. Inba-Vazhvu, M.D. and Raghuram Kolanu, M.D. were

required and obligated to provide care to Jannie Smith that complied with the standard of care and skill of such persons generally under the same or similar circumstances.

### 36.

Defendants Kandathil M. Mathew, M.D., Abiodun Gbadero Olatidoye, M.D., Moongilmadugu N. Inba-Vazhvu, M.D. and Raghuram Kolanu, M.D. breached the duty they owed to Plaintiff's decedent Jannie P. Smith by failing to exercise a reasonable degree of care and skill applicable to physicians generally, and such want of care and skill resulted in substantial injury to Jannie P. Smith.

### 37.

The agents and employees of Defendant Henry Medical Center were required and obligated to provide care to Jannie Smith that complied with the standard of care and skill of such persons generally under the same or similar circumstances.

### 38.

The nurses and staff of Defendant Henry Medical Center breached the duty they owed to Plaintiff's decedent Jannie P. Smith by failing to exercise a reasonable degree of care and skill, and such want of care and still resulted in substantial injury to Plaintiff's decent.

### 39.

More specifically, the Defendants failed to exercise that degree of care and skill which would ordinarily have been employed by the medical profession generally under the circumstances by at least, but not limited to, the following particulars: (1) Drs. Moogilmadugu Inba-Vazhvu, Kandathil Mathew Mathew, Abiodun Gbadero Olatidoye, Raghuram Kolanu, and their employers, Southern

Heart Specialists, P.C., and Neurology South, P.C., failed to accurately ascertain in a timely fashion that Jannie Smith had suffered an acute cerebellar stroke, and thus failed to transfer the patient with a life-threatening condition to the Intensive Care Unit and/or an outside facility that could manage the critical condition; (2) the nurses and staff at Henry Medical Center failed to follow the orders of Dr. Kolanu for "neuro checks every two hours;" and (3) Henry Medical Center failed to have policies and procedures in place to ensure that patients with signs and symptoms of stroke were transferred immediately to a facility with neurosurgical coverage when Henry Medical Center itself did not have neurosurgical coverage.

### 40.

As a direct and proximate result of Defendants' acts and omissions, Plaintiff's decedent Jannie P. Smith sustained severe injuries, suffered extreme pain, suffering and anguish which ultimately resulted in her death. Additionally, the Estate of Jannie P. Smith incurred medical expenses, funeral and burial expenses, as well as other related expenses. Plaintiff is entitled to recover for these damages on behalf of the Estate of Jannie P. Smith.

### 41.

As a direct and proximate result of the negligence of Defendants, Jannie P. Smith was caused to die and lose her life, which had value to her.

### 42.

Defendants are liable to Plaintiff for negligence and malpractice.

### 43.

As a direct and proximate result of Defendants' professional negligence, Plaintiff Nichole D. Hall, individually and on behalf of all surviving children and

heirs and as the Administrator of the Estate of Jannie P. Smith, is entitled to an award of special damages in an amount to be shown at trial, and general damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

44.

This is an action for professional malpractice under O.C.G.A. § 51-1-27. Pursuant to O.C.G.A. § 9-11-9.1, attached hereto as Exhibit "B" is the Affidavit of John F. Rothrock, M.D., an expert medical witness competent to testify in this matter, which sets forth specifically at least one of the negligent acts and omissions which form the basis of Plaintiff's complaint against the Defendants and sets forth the factual basis for such claims as set forth in this complaint.

## COUNT TWO

### Wrongful Death

45.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 44 of this Complaint as if repeated herein as Paragraph 45.

46.

As a direct and proximate cause of the professional negligence of Defendants, Jannie Smith was caused to suffer a premature wrongful death entitling Plaintiff, as her heir, to an award of general damages in an amount to be determined by the jury.

## COUNT THREE

### Pre-death Pain and Suffering

47.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 46 of this Complaint as if repeated herein as Paragraph 47.

48.

As a direct and proximate cause of the professional negligence of Defendants, Jannie P. Smith was caused to suffer conscious pain and suffering and her estate was caused to incur burial expenses, entitling Plaintiff, as the administrator of her estate, to an award of general damages and special damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays FOR A TRIAL BY JURY, that summons issue, that judgment be entered in her favor and against the Defendant, and that the following relief be granted:

(a) Under Count One, that Plaintiff Nichole Hall be awarded special damages in the amount proved at trial, and that he be awarded general damages in an amount to be determined by a jury of her peers, against Defendants, jointly, in excess of Ten Thousand ($10,000.00) Dollars;

(b) Under Count Two, that Plaintiff Nichole Hall be awarded general damages in an amount to be determined by a jury of her peers, against Defendants, jointly, in an amount to be determined by the jury;

(c) Under Count Three, that Plaintiff Nichole Hall be awarded special damages in the amount proved at trial, and that she be awarded general damages

in an amount to be determined by a jury of her peers, against Defendants, jointly, in an amount to be determined by the jury; and

    (d)    That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,
WARSHAUER POE & THORNTON, P.C.

By: _____
Lyle Griffin Warshauer
State Bar No. 171941

By: _____
Michael J. Warshauer
State Bar No. 018720

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax